United States District Court
Eastern District of New York                        2:17-cv-6302

Josh Berger, individually and on behalf
of all others similarly situated,

                                    Plaintiff,

            - against -                             Complaint

Forager Project, LLC,

                                    Defendant

Josh Berger ("plaintiff") individually and on behalf of all others similarly situated, by

attorneys, alleges upon information and belief, except for those allegations pertaining to plaintiff,

which are based on personal knowledge:

1.       Forager Project, LLC ("defendant") manufactures juice products under the

"Forager Project" brand name (the "Product Line"), which are sold in brick-and-mortar

stores by third-parties.

2.       The Product Line consists of at least four blends (the "Products") with names

corresponding to the constituent ingredients, including "Greens & Apple," "Roots &

Ginger," "Greens & Avocado" and "Greens & Greens."

3.       The Products are sold in 12 ounce rectangular plastic bottles.

4.       Defendant's products are made through two production steps.  The first is the

extraction or expression step, known as "cold-pressing."  This entails the shredding of fruits

and vegetables into a pulp, which is deposited into a mesh filter bag.  Multiple tons of

pressure get applied to the bag, causing the liquid contained in the pulp to juice and water to

trickle into a tray, before being bottled.[1]

---

[1] The lemon and lime juice in the Products may be manufactured through different production methods and added to
the cold-pressed juice prior to the subsequent production step.

5.      In the second step the bottles are subjected to pressure up to 87,000 pounds per square inch ("psi"), which extends the Products' shelf-life from 3-5 days to 6-8 weeks, allowing nationwide distribution.

6.      The processing step causes a compositional change to the Products by reducing the biological, enzymatic and bacterial activity which existed after cold-pressing to an extent that is material to reasonable consumers.

7.      Defendant's statement on the front label – "Cold-pressed Vegetables" – is misleading because even though the Products may be cold-pressed at some point, they are processed after being cold-pressed.

Principal Display Panel



8.      By voluntarily including the first production step used to make the Products and not disclosing any second production step, reasonable consumers get the impression the products are only cold-pressed.

9.      Cold-pressing is an increasingly desired juice production method by consumers because the resultant juice retains greater integrity in composition than if it were made through a centrifugal machine.

10.     Additionally, "Cold-pressed Vegetables" is misleading because reasonable consumers will observe this statement along with the absence of information pertaining to subsequent production steps and will believe that "Cold-pressed" modifies and connects to the product name and identity statement of "Organic Vegetable Juice Blend," such that the final consumable product is cold-pressed juice.

11.     This is because the terms are in close proximity with the only intervening matter a small ellipsis and are the same font size and virtually identical color shades.

12.     It is reasonable for consumers to believe no additional steps occur because juice products are available for purchase which have only been cold-pressed and owing to defendant's packaging and labeling, which reinforces such impressions.

13.     Defendant's labeling is responsive to increased consumer demand for products composed of simple ingredients they are familiar with as opposed to multi-syllabic chemicals or artificial preservatives as ingredients.

14.     While defendant discloses its ingredients where required on the information panel (column 1), it also recites them in a non-traditional location (column 2) in a larger font size, creating the impression the labels are forthright and transparent regarding that which is stated elsewhere, specifically the "Cold-Pressed Vegetables" on the front label.

15.     Defendant's statement on supplemental information panel 2 – "Vegetable juice starting with vegetables, finally" – alludes to defendant's role in transformation of the vegetables from their solid to liquid state, through the cold-press method.

16.     Through use of the word "finally," defendant is distinguishing its Products from others vegetable juices that are (1) not made from actual whole vegetables, (2) are further removed from their solid, original state by being highly processed and (3) made from or consist of concentrates, purees or other byproducts of vegetables.

| Information Panel | Supplemental Information Panel 1 | Supplemental Information Panel 2 |
|---|---|---|



17.     Defendant's typeface is designed to reinforce the consumer's impression that its Products are not treated after being cold-pressed because the representations are in typewriter-style font with the appearance of ink bleeding beyond the boundaries of the individual characters.  Additionally, the individual letters and the colors (greens and reds) are intentionally faded and distressed.

18.     These rustic and austere elements signal that the Products are made with production methods divorced from modern technology.

19.     Even the name "Forager Project" contributes to the reasonable consumer's belief that the products consist of ingredients which have only been cold-pressed.

20.     Foraging has traditionally referred to the gathering of food from the natural, undisturbed environment (i.e., an open field which is not a part of organized or industrial, commercial food production).  In modern parlance, foraging refers to obtaining food of edible and satisfactory quality which would otherwise have been discarded, thereby being a more sustainable food production method than industrial production of food.

21.     "Project" connotes a co-operative endeavor, whereby the manufacturers of the Products are not working for-profit but for the greater good of consumers and the environment.

22.     The Products and labels differ to the extent of the ingredients used and product names, though the representations are substantially similar or identical with respect to material information which applies across the Product Line.

23.     The above misrepresentations are material to reasonable consumers.

24.     Excluding tax, the products cost between $5.99 and $7.99 a premium price compared to other products manufactured in multiple, similar production steps.

Jurisdiction and Venue

25.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

26.     Upon information and belief, the aggregate amount in controversy is in excess of $5,000,000.00, exclusive of interests and costs.

27.     This Court has personal jurisdiction over defendant because it conducts and

transacts business, contracts to supply and supplies goods within New York.

28.     Venue is proper because plaintiff and many class members reside in this District and defendant has been doing business in this District and in New York.

29.     A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

30.     Plaintiff is a citizen of Nassau County, New York.

31.     Forager Project, LLC is a limited liability company formed under the laws of Delaware, with its principal place of business in California.

32.     Upon information and belief, no members of Forager Project, LLC are citizens of New York.

33.     In 2017, plaintiff purchased a Forager Project juice product for no less than $6.99, excluding tax, at a store within this District.

34.     Plaintiff paid a premium for the product because prior to purchase, he saw and relied upon the representations described herein and understood same to mean the Products were not processed after being cold-pressed.

35.     Plaintiff purchased the product because he intended to consume a product which possessed the attributes and features described herein and opted against buying a less expensive juice product not so represented.

## Class Allegations

36.     Defendant's representations uniformly impacted consumers.

37.     The class is all consumers in all states who purchased any Products bearing any of the actionable representations herein during the statutes of limitation periods.

38.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39.    The class is so numerous that joinder of all members, even if permitted, is impracticable, as plaintiff believes there are hundreds of thousands of members.

40.    Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff and class members are entitled to damages.

41.    Plaintiff's claims are typical to other members' because all were subjected to the same representations and the basis for relief is common to all members.

42.    Plaintiff is an adequate representative because his interests do not conflict with other class members.

43.    Plaintiff's counsel is competent and experienced in complex class action litigation of consumer protection issues and intends to prosecute this action to adequately and fairly protect class members' interests.

44.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.  Individual actions risk inconsistent results, would be repetitive and are impractical to justify, as the claims are modest.

45.    Plaintiff seeks class-wide injunctive relief because the practices continue, with the injunctive class maintained as a class action because it meets the same criteria as the non-injunctive class.

Violation of New York General Business Law § 349

46.    Plaintiff repeats and realleges each and every allegation contained in all foregoing paragraphs as if fully set forth herein.

47.     Defendant's acts and practices are not unique to the parties and have a broader impact on the public.

48.     Defendant's representations of the Products as made through being cold-pressed is deceptive because it provides no further disclosure or qualifying matter indicating that processing occurs prior to being sold.

49.     Defendant had a duty to disclose the additional production step because it voluntarily provided limited information in a manner calculated to mislead, owing to not disclosing the whole truth.

50.     The representations and omissions were material and relied on by plaintiff and class members, who paid more than they would have without getting all they bargained.

51.     As a result, plaintiff and class members are entitled to damages.

<u>Violation of New York General Business Law § 350</u>

52.     Plaintiff repeats and realleges each and every allegation contained in all foregoing paragraphs as if fully set forth herein.

53.     Defendant's advertising is not unique to the parties and affects the public.

54.     Defendant's representations are misleading because it offers voluntary, favorable information but withholds less favorable information, creating the impression that the Products are only cold-pressed.

55.     This is material since the additional manufacturing intervention modifies the composition of the intermediate juice product.

56.     Defendant's false advertising was relied upon by plaintiff and class members, who paid a premium for the Products greater than they otherwise would have and did not receive all that they bargained for.

57.     As a result, plaintiff and class members are entitled to damages.

### Fraudulent Misrepresentation

58.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59.     Defendant knowingly represented the Products as being cold pressed without disclosing that the Products were subjected to a second production step.

60.     Though defendant was not required to disclose the production methods used, their voluntary disclosures which provided half the truth were misleading because such representations failed to state additional or qualifying matter.

61.     This was calculated to induce a false belief that the Products were substantively and materially different and of higher quality than they actually were.

62.     Defendant's fraudulent misrepresentations were reasonably relied upon by plaintiff and class members, who paid a premium for the Products greater than what they would have paid and did not receive all they bargained for, thereby suffering damages.

### Fraud

63.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64.     Defendant's representations of the products as being made through being cold pressed, but omitting that its Products were subsequently subjected to high pressure processing, is misleading and a half-truth.

65.     Once defendant made such voluntary disclosures regarding one production method used, they had a duty to say enough to prevent same from being misleading by saying the whole truth and not conceal or omit facts which materially qualify its representations.

66.     Defendant intended to induce reliance on its labels because they voluntarily offered truthful comments about favorable aspects while omitting less favorable aspects.

67.     The failure to disclose this was material because the additional production step modifies and alters the Products' composition and qualifies the representations and impressions created in consumers.

68.     Defendant's actions give rise to and support a strong inference of fraudulent intent, which entitle plaintiff and class members to damages.

## Implied Warranty of Merchantability

69.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

70.     Defendant manufactures, distributes and sells juice, and warranted to plaintiff and class members that the Products were cold pressed without further informing them that a subsequent production step was carried out.

71.     The Products do not conform to the affirmations of fact and promises on the Products and the accompanying literature, wholly due to defendant's actions.

72.     As a result of breaching the implied warranty of merchantability, plaintiff and class members were damaged in the amount paid for the Products.

## Unjust Enrichment

73.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

74.     Defendant obtained benefits and monies because the Products were not as represented, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of such inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, plaintiff, on behalf of himself and all others similarly situated, prays for

judgment:

1.   Declaring this a proper class action and certifying plaintiff as class representative;

2.   Entering preliminary and permanent injunctive relief and directing defendant to correct

   their practices to comply with the law;

3.   Awarding monetary damages and interest, including treble and punitive damages, pursuant

   to the common law claims and GBL §§ 349, 350;

4.   Awarding plaintiff and class members costs and expenses incurred, including reasonable

   allowance of fees for plaintiff's attorneys and experts; and

5.   Such other and further relief as the Court deems just and proper.

Dated:  October 28, 2017

                                          Respectfully submitted,

                                          Levin-Epstein & Associates, P.C.

                           By:     /s/ Joshua Levin-Epstein
                                   Joshua Levin-Epstein
                                   1 Penn Plaza, Suite 2527
                                   New York, NY 10119
                                   Tel: (212) 792-0046
                                   Fax: (212) 563-7108
                                   joshua@levinepstein.com

                                   Sheehan & Associates, P.C.

                           By:     /s/ Spencer Sheehan
                                   Spencer Sheehan
                                   891 Northern Blvd., Suite 201
                                   Great Neck, NY 11021
                                   Tel: (516) 303-0552
                                   Fax: (516) 234-7800
                                   spencer@spencersheehan.com

2:17-cv-6302
United States District Court
Eastern District of New York

Josh Berger, individually on behalf of himself and all others similarly situated,

                Plaintiff,

      - against -

Forager Project, LLC,

                Defendant.

## Complaint

Levin-Epstein & Associates, P.C.
1 Penn Plaza
Suite 2527
New York, NY 10119
Tel: (212) 792-0046
Fax: (212) 563-7108
joshua@levinepstein.com

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  October 28, 2017
      New York, New York

                        /s/ Joshua Levin-Epstein
                        Joshua Levin-Epstein